IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexander J. Washington, | Case No. 4:24-cv-03791-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Al Cannon Detention Center; Chief Deputy Patrick Morris *in his personal and official capacity*; Doctor Doe *in their personal and official capacity as Chief Medical Officer for Al Cannon Detention Center*; Administrator Doe *in their personal and official capacity as Administrator for Al Cannon Detention Center*; Kristin Graziano *in her personal and official capacity as Sheriff of Charleston County*; Nurse Practitioner Debbie Igwilo *in her personal capacity*; Charleston County; Wellpath, LLC, | |
| Defendants. | |

This matter is before the Court on motions to dismiss filed by Defendants Wellpath, LLC ("Wellpath") and Nurse Practitioner Debbie Igwilo ("Igwilo") (collectively, "Moving Defendants"). [Docs. 4; 37; 38.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings.

## BACKGROUND

**Plaintiff's Allegations**[1]

Plaintiff has Type 2 Diabetes Mellitus, which requires ongoing management with regular insulin intake. [Doc. 1-2 at 5 ¶ 14.] On April 18, 2022, he was arrested and incarcerated in the Al Cannon Detention Center (ACDC) pending court proceedings. [*Id.* ¶ 15.] As a result, Plaintiff was unable to access his own home supply of insulin. [*Id.* ¶ 16.] Upon his admission to ACDC, Plaintiff notified Defendants of his diabetes and ACDC took on responsibility for ensuring Plaintiff was able to continue maintaining his blood glucose levels. [*Id.* ¶¶ 16–17.] In Plaintiff's initial days of detention, ACDC did not provide him with his daily regime of insulin or otherwise provide insulin to Plaintiff. [*Id.* ¶ 18.] After he had missed several insulin doses, Plaintiff began requesting medical attention through various means, but his requests were ignored. [*Id.* ¶ 19.]

Plaintiff was first seen on April 23, 2022, by Defendant Nurse Practitioner Debbie Igwilo, who "determined that they were 'unable to verify' his medical needs at that time and continued to withhold insulin." [*Id.* ¶ 20; *see id.* at 8 ¶ 45.] Nonetheless, Plaintiff had been confirmed as having Type 2 Diabetes during a prior incarceration at ACDC, and his records from that time were available. [*Id.* at 5 ¶¶ 21–22.]

Plaintiff's condition began to rapidly deteriorate, and by April 27, 2022, he was complaining of intense chest pain and general abdominal pain. [*Id.* at 6 ¶ 23.] He also was unable to keep food down and continued to vomit even when his stomach was empty. [*Id.*] Later that evening, Plaintiff was transported by ambulance to the Medical University of South Carolina ("MUSC") Emergency Department, where he was diagnosed with

---

[1] The allegations in this section are taken directly from the Complaint. [Doc. 1-2.]

diabetic ketoacidosis. [*Id.* ¶¶ 24–25.] Plaintiff was discharged from MUSC on May 2, 2023, after the attending physicians determined his blood chemistry had stabilized. [*Id.* at 7 ¶ 33.]

Wellpath contracted with the ACDC to provide medical care to those incarcerated there, and Igwilo worked for Wellpath at the ACDC. [*Id.* at 4 ¶¶ 7, 9.]

**The Present Case and the Chapter 11 Bankruptcy**

Plaintiff filed this action in the Charleston County Court of Common Pleas on April 26, 2024, alleging causes of action for negligence and gross negligence and violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1-2.] On July 1, 2024, Moving Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. [Doc. 1.]

On July 3, 2024, Moving Defendants filed a motion to dismiss (the "First Motion to Dismiss"). [Doc. 4.] On September 12, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion be denied. [Doc. 13.] On September 25, 2024, Moving Defendants filed objections to the Report. [Doc. 16.]

On November 11, 2024, Wellpath Holdings, Inc. and its affiliated companies (including Wellpath) each filed petitions in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Cases"), and the Bankruptcy Cases were jointly administered under case number 24-90533.[2] *In re Wellpath Holdings, Inc.* ("*WHI*"), No. 24-90533 (ARP),

---

[2] The Court takes judicial notice of the filings in the Bankruptcy Cases. *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

Dkt. # 1 (S.D. Tex. Nov. 11, 2024). On November 13, 2024, Wellpath filed a suggestion of bankruptcy and notice of stay in this Court. [Doc. 20; *see also* Doc. 21.] On November 18, 2024, this Court stayed the present action in accordance with the suggestion of bankruptcy. [Doc. 22.]

On May 1, 2025, the Bankruptcy Court entered Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis (the "Confirmation Order"). *WHI*, Dkt. # 2596. On May 9, 2025, the Debtors filed a notice of (I) entry of confirmation order, (II) occurrence of effective date, and (III) administrative claims bar date, giving notice that the Chapter 11 Plan (the "Plan") was effective. *WHI*, Dkt # 2680. On June 4, 2025, the Bankruptcy Court entered a *General Form of Order Regarding Lift Stay Motions* (the "Stay Order"). *WHI*, Dkt. # 2907. Pursuant to the Plan, all claims and causes of action against WHI and its affiliated debtors (the "Debtors") are discharged and holders of such claims and causes of action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding, in connection with such claims, or enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors. *WHI*, Dkt. # 2596 at 128–34; *see also* 11 U.S.C. § 524(a) ("A discharge in a case under this title . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ."). The Plan also provides protection from claims for all current and former employees of

4

Wellpath, subject to the Third Party Release, so long as the claimant has not affirmatively opted out. *WHI*, Dkt. # 2596 at 81–82, 132–34.

On June 23 and 25, 2025, Wellpath filed a motion to dismiss based on the Bankruptcy Case and Igwilo filed a motion to join Wellpath's motion (collectively, the "2025 Motions to Dismiss"). [Docs. 37; 38.]

On October 15, 2025, the Magistrate Judge lifted the stay of the current action. [Doc. 45.] On October 17, 2025, the undersigned unreferred the 2025 Motions to Dismiss from the Magistrate Judge and subsequently directed Plaintiff to respond to those two motions by November 12, 2025. [Docs. 47; 49.] Plaintiff did not respond and the time for doing so has expired.

## **DISCUSSION**

The Court agrees with the Moving Defendants that they are entitled to dismissal of the claims against them.

Pursuant to Article IX.A of the Plan and Paragraph 3 of the Stay Order, all claims and causes of action against the Debtors are discharged as a result of the Plan becoming effective. *WHI*, Dkt. # 2596 at 128–29; *id.*, Dkt. # 2907 ¶ 3. Accordingly, Wellpath is entitled to dismissal of the claims against it. *See Thomas v. McFadden*, No. 3:24-CV-00716-KDB-SCR, 2025 WL 2711603, at *3 (W.D.N.C. Sept. 23, 2025) (dismissing similar claims against Wellpath as a result of Wellpath's bankruptcy); *Smalls v. Charleston Cnty. Sheriff's Office*, No. 0:24-4614-RMG-PJG, 2025 WL 2551588, *Report and Recommendation adopted by* 2025 WL 2550523 (D.S.C. Sept. 4, 2025) (same).

In her motion, Igwilo alleges, on information and belief, that Plaintiff did not affirmatively opt out of the Third Party Release, and thus that Plaintiff is enjoined from

continuing any action against her. [Doc. 38 at 2.] Because Plaintiff has not filed any response opposing Igwilo's motion, the Court assumes the truth of Igwilo's allegation. *See Wilhite v. Parr-Mirza,* No. 2:24-cv-11815, 2025 WL 3166810, at *4 (E.D. Mich. Oct. 23, 2025) (recommending dismissal of claims when, in response to a motion to dismiss asserting that the plaintiff failed to timely opt out of the Third Party Release, the plaintiff filed a response that did not address the issue); *see also Thomas*, 2025 WL 2711603, at *2 n.3 (concluding that the plaintiff opted out when, in response to a motion to dismiss, she argued that she opted out and the defendants did not reply). Accordingly, Igwilo is also entitled to dismissal of Plaintiff's claims against her.

## CONCLUSION

Wherefore, based on the above, the 2025 Motions to Dismiss filed by Wellpath and Igwilo [Docs. 37; 38] are both GRANTED. These Defendants' First Motion to Dismiss [Doc. 4] and the Report [Doc. 13] are therefore FOUND AS MOOT.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

December 3, 2025
Florence, South Carolina